## McCray *versus* Clark *et al.*

1. McCray in 1864 purchased land of Reed by articles of agreement, which he did not place upon record until 1871, and never took possession of the land or put a tenant thereon. In 1861, Clark obtained a judgment against Reed, and in 1866 he issued a scire facias to revive the same. Reed accepted service of the writ, but it was not served upon McCray. Judgment was taken for want of an appearance and Clark sold the land in dispute. McCray brought ejectment and on the trial offered to prove by Reed that at the time the latter accepted service of the writ, Clark admitted he had notice of McCray's title, which offer was rejected. *Held*, that it was error to reject this evidence.

2. *Held*, further, that where the plaintiff in a judgment has actual notice that land which his judgment binds has been sold, and issues a scire facias to revive his judgment, the writ must be served upon the vendee as terre-tenant, although the vendee may not have taken possession of the land, or put his deed of record.

3. The Act of 16th of April 1849, which provides that "in all cases where a judgment has been or shall be regularly revived between the original parties, the period of five years, during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant from the time that he has placed his deed on record," deals with constructive notice only, and leaves untouched the question of actual notice.

October 18th 1876. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ. Williams, J., absent.

Error to the Court of Common Pleas of *Clarion county*: Of October and November Term 1876, No. 17.

This was an ejectment brought by James McCray against John Clark and Robert H. Patton, for a tract of land containing one hundred and seven acres, situated in Highland township, Clarion county.

On the trial, before Jenks, P. J., it was admitted that previous to 1861 the title to the land in dispute was in Columbus Reed.

The plaintiff claimed by virtue of articles of agreement under

[McCray *v.* Clark.]

seal dated the 29th of December 1864, acknowledged the 25th of December 1871, and recorded December 26th 1871, wherein Columbus Reed sold and conveyed the land in question to plaintiff for $600, receipt of which was acknowledged in the agreement. Plaintiff, it appeared, never took actual possession of the land himself or by tenant.

The defendant Clark claimed that, on the 4th of May 1861, he entered judgment in the Court of Common Pleas of Clarion county against Columbus Reed for the sum of $346.74; that on the 2d of March 1866 he issued a scire facias to revive this judgment against Reed, which scire facias it appeared named no one as terretenant and contained no directions to the sheriff to serve on parties in possession, nor was McCray served with the writ. On the back of the writ Reed accepted service, and on the 10th of May 1866 judgment was taken in default of an appearance.

On the 9th of March 1868 a writ of fieri facias issued, and the property was levied on, condemned and sold to Clark for $145, to whom the sheriff acknowledged and delivered a deed on the 10th of December 1868.

The defendants contended that this sale divested all title and interest of McCray in the land, inasmuch as McCray had failed to comply with the requirements of the Act of 16th of April 1849, Pamph. L. 664, which provides that "in all cases where a judgment has been or shall be regularly revived between the original parties, the period of five years during which the lien of the judgment continues shall only commence to run in favor of the terretenant from the time that he or she has placed their deed on record; provided, that this act shall not apply when the terre-tenant is in actual possession of the land bound by such judgment by himself or tenant."

In rebuttal the plaintiff proposed to prove by Columbus Reed that at the time John Clark issued his scire facias against Columbus Reed to revive his judgment, and at the time Reed accepted service of the writ, he admitted that he had notice of McCray's title, and that he was content to revive against Reed's other land alone, and having done so, the knowledge on his part of McCray's title is equivalent to the recording of the deed, and Clark and those under him cannot be innocent purchasers.

Defendants objected, and the court ruled: "There is no allegation that McCray was in possession of the land; he did not put his title upon record until the 26th of December 1871. We do not see how the evidence, if admitted, would invalidate as to him either the lien of or sale under the judgment. The objection is sustained, and evidence excluded."

Plaintiff excepted, and a bill was sealed.

The verdict was for the defendants.

[McCray *v.* Clark.]

Plaintiff took this writ, and assigned for error the rejection of his offer of evidence.

*James Campbell* (with whom were *Knox & Maffett*), for plaintiff in error.—By the Acts of 4th of April 1798 and 26th March 1827, no judgment shall continue a lien for a term exceeding five years, unless revived within that period by agreement of the parties and terre-tenants filed in writing and entered on the proper docket, or a writ of scire facias be sued out within said period and served on the terre-tenants. The revival of a judgment by agreement to which a terre-tenant is not a party will not continue the lien as to him, although the deed by which he became terre-tenant was not recorded and he never entered into possession of the premises: Armstrong's Appeal, 5 W. & S. 352. It is not alleged by the defendant Clark that McCray had notice of his judgment against Reed, of his intention to revive the same, or any of the proceedings thereon. Therefore, as McCray became the purchaser of the land in dispute on the 29th of December 1864, and paid purchase-money in full, all of Reed's interest and title in the land vested in McCray, and as Clark's judgment against Reed was entered on the 4th of May 1861, the lien against the land in dispute expired on the 4th of May 1866, and there being no notice or revival as to McCray, the terre-tenant, the levy and sale in 1868 of Reed's interest in the land to Clark passed no title, as Reed had no title remaining to sell at that date. The object of the Act of April 16th 1849 was to provide for constructive notice to the plaintiff in a judgment of the transfer of the title, but did not touch the question of actual notice. Constructive notice is to enable a party to obtain actual notice, and he to whom actual notice has been brought home should not complain when he is entitled to but constructive notice, for he has received more than his due: Sames's Appeal, 2 Casey 184; Speer *v.* Evans, 11 Wright 141.

*W. L. Corbett* and *J. H. Patrick*, for defendants in error.—The Act of 16th of April 1849 was passed to remedy a defect in the Acts of 4th of April 1798, and 26th of March 1827. Under these acts a plaintiff in a judgment which was a lien upon land was compelled to ascertain whether a sale had been effected by the defendant in the judgment, and if so, to make the vendee a party terre-tenant in any revival, by scire facias, of the lien. The Act of 16th of April 1849 provides for a continuance of the lien by a revival between the original parties, except where the vendee has taken actual possession or placed his deed on record. If the plaintiff in the judgment finds no person in possession of the land bound by the judgment, and there is no deed or conveyance of the same from the defendant in such judgment on record, neither the spirit nor letter of the act requires him to heed actual or constructive notice except that

[McCray *v.* Clark.]

of possession. In the present case John Clark, one of the defendants in error, obtained a lien on the land in dispute by a judgment entered on the 4th day of May 1861, and when Reed, under whom plaintiff in error claims, sold the land on the 29th day of December 1864, the lien of the said John Clark was in full force and effect. Plaintiff in error not having placed himself in a position to claim notice as a terre-tenant by recording a deed or by taking actual possession, the title acquired at the sale on the judgment on the revival by scire facias carried the title to the land.

Mr. Justice Mercur delivered the opinion of the court, January 2d 1877.

· This was an action of ejectment. Both parties claimed under Columbus Reed. On the 4th of May 1861 the defendant in error, Clark, obtained a judgment against Reed. A sci. fa. was issued thereon March 2d 1866, and service accepted by Reed. At the May Term following judgment was duly taken for want of an appearance. By virtue of executions issued thereon, the land in question was levied on, condemned, and sold to Clark, to whom, in December 1868, a deed was executed, acknowledged, and delivered by the sheriff.

Mr. McCray purchased the land of Reed, by articles of agreement, on the 29th of December 1864, and paid the purchase-money in full, which is acknowledged in the agreement. He was not served with the sci. fa. He had not placed the articles of agreement on record, nor had he taken actual possession of the premises by himself or tenant.

The defendants in error now claim that inasmuch as McCray had failed to bring himself within the requirements of the eighth section of the Act of 16th April 1849 (Pamph. L. 664), the lien of the judgment was continued against his land by the revival against Reed alone. The act declares, "In all cases where a judgment has been or shall be regularly revived between the original parties, the period. of five years during which the lien of the judgment continues, shall only commence to run in favor of the terre-tenant from the time that he or she has placed their deed on record: Provided, that this act shall not apply * * * when the terre-tenant is in actual possession of the land bound by such judgment, by himself or tenant." It is urged that this statute has prescribed the only ways by which the land of a terre-tenant can be discharged from the lien of a judgment duly revived against the original defendant. The correctness of this view may be tested by considering the object and spirit of the act. Its object was to protect the plaintiff in a judgment against the title of a third person of which he had no notice. Its spirit was to require one who desired to continue beyond five years the lien of his judgment on all the lands originally bound thereby, to revive it,

against all persons who he knew had purchased any of them after the recovery of the judgment. This section however deals with constructive notice only. The terre-tenant who relies on constructive notice to the plaintiff in a judgment to protect his land from a continued lien by a revival against the defendant therein, must show that he has either put his title on record, or that he was in the actual possession of the land, by himself or tenant. It leaves untouched the question of actual notice.

Notice may be either actual and positive, or it may be implied and constructive. Actual notice is knowledge brought directly home to the party. Constructive notice is in its nature no more than evidence of notice, the presumption of which is so violent that the court will not allow of its being controverted: 1 Story's Eq., § 399 ; Lessee of Billington v. Welsh, 5 Binn. 134. The rule is well established that a purchaser of land having notice of a prior unrecorded deed from his vendor, will not be permitted to set up his title against that prior conveyance. Such purchaser with notice is not considered a bonâ fide purchaser ; but as one acting in bad faith, a *particeps criminis*, taking the place of his vendor ; and to permit him to hold against the first purchaser would be to convert the statute into an instrument of fraud : 1 Story's Eq., § 397 ; Brightly's Eq., § 113 ; Jacques v. Weeks, 7 Watts 270 ; Garrard v. Pittsburgh & Connellsville Railroad Co., 5 Casey 154. So in York Bank's Appeal, 12 Casey 458, it was held, that if a subsequent encumbrancer have actual notice of a judgment defectively entered, before his rights attached, it is equivalent to the constructive notice given by statute to a proper entry on the judgment docket. That actual notice is as effectual as constructive notice is affirmed in Smith's Appeal, 11 Wright 128 ; Speer v. Evans, Id. 141 ; Meehan v. Williams, 12 Id. 238.

A purchaser at sheriff's sale is protected by the recording acts against an outstanding title of which he has neither actual nor constructive notice : Morrison v. Funk, 11 Harris 421. But if he is acquainted with an adverse claim of title, it is not necessary that the claimant should give notice of his claim at the time of sale, to protect his rights : Owens v. Myers, 8 Harris 134.

Where land on which a judgment is a lien has been aliened by the defendant, an amicable revival by the terre-tenant, to which the original defendant is not a party, will continue the lien of such judgment on the land : Sames's Appeal, 2 Casey 184. But the revival by agreement to which the terre-tenant is not a party will not continue the lien as to him, although his deed was not recorded : Armstrong's Appeal, 5 W. & S. 352. The terre-tenant was there in possession by his tenants on whom service could have been made. In the present case the offer was to prove not only that Clark had notice of McCray's title at the time the sci. fa. issued and service was accepted by Reed, but, if we correctly understand the

offer, that he expressed a willingness to revive the judgment against Reed's other lands alone.   We think actual notice may be as effectual as constructive notice to affect Clark, who was both plaintiff in the judgment and purchaser.   The learned judge therefore erred in rejecting the evidence.

Judgment reversed, and a *venire facias de novo* awarded.